RECEIVED

JUN 17 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| NELVA WILSON | CIVIL ACTION NO. 15-1483 |
| VERSUS | JUDGE DOHERTY |
| KEITH A. RODRIGUEZ, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING AND ORDER

Before the Court is the "Motion for Stay and/or Injunction Pending Appeal with request for Expedited Hearing" [Doc. 8] filed by *pro se* appellant Nelva Wilson, the debtor in a pending bankruptcy, Bankruptcy No. 14-51229, who is attempting to appeal certain issues from that bankruptcy matter in this Court. The request for relief contained within the instant motion is unclear to this Court, in that it is unclear whether Ms. Wilson is attempting to stay proceedings in the bankruptcy court or whether she is attempting to stay the instant appeal. Regardless, she alleges that the instant motion is "an emergency to stop repossession of Car."

Again, it is unclear whether the appellant is entitled to the relief she requests, and whether the motion is properly filed in this Court. What is clear, however, is that the appellant has failed to comply with the Federal Rules of Bankruptcy Procedure by failing to designate the record on appeal and by failing to file a Statement of Issues on appeal in this Court. Pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."

In *Matter of M.A. Baheth Const., Co., Inc.*, 118 F.3d 1082, 1083-84 (5th Cir. 1997), the Fifth

Circuit, interpreting a previous version of Rule 8003(a)(2), which has not been modified since it was recodified as Rule 8003, makes clear the Court shall consider mitigating factors in considering whether the dismiss a case because of failure to "take any other step" associated with the filing of a bankruptcy appeal, to wit:

> As Bankruptcy Rule 8001(a) makes clear, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal " (emphasis added). Other circuits have held that an appellant's failure to comply with procedural rules such as Rule 8006 warrants dismissal of the appeal pursuant to Rule 8001(a). *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (affirming district court's judgment dismissing appellants' appeal for failure to comply with Bankruptcy Rules 8006 and 8009(a)); *Serra Builders, Inc. v. John Hanson Savings Bank FSB*, 970 F.2d 1309, 1311 (4th Cir.1992) (affirming the district court's sanction of dismissal for appellant's failure to file its designation of the record pursuant to Rule 8006 until twenty-five days after filing notice of appeal); *but cf. Fitzsimmons v. Nolden*, 920 F.2d 1468, 1472 (9th Cir.1990) (observing that district court must first consider alternative sanctions in lieu of dismissal for failure to comply with Rule 8006 unless the case presents egregious circumstances such as bad faith on the part of the appellant).
>
> Although this court has never addressed the issue, we conclude that failure to comply with Rule 6(b)(2)(ii) authorizes this court, in its discretion, to impose sanctions including dismissal of the appeal. *As for whether there are any mitigating factors, Baheth offers no justification for its failure to comply with Rule 8006's requirements in a timely manner, other than the bald and belated assertion that this is not a bankruptcy case, and therefore, the bankruptcy court lacked jurisdiction.*

(emphasis added).

In the instant case, Ms. Wilson has previously indicted to this Court that she had eye surgery on May 8, 2015, which adversely impacted her ability to file her appellate brief on time, and for which she was granted an extension by this Court. Considering that the appellant is *pro se* and is currently experiencing post-surgery eye irritation, this Court will grant her additional time to

designate the bankruptcy record and file her Statement of Issues on appeal. Should the appellant fail to timely comply with the Federal Rules of Bankruptcy Procedure, she is at risk of having the instant matter dismissed pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure.

Considering the foregoing, IT IS ORDERED that the "Motion for Stay and/or Injunction Pending Appeal with request for Expedited Hearing" [Doc. 8] is DENIED, however, the appellant is granted 15 additional days to comply with the Federal Rules of Bankruptcy Procedure by designating the bankruptcy record on appeal and filing a Statement of Issues in this Court. Should the appellant fail to timely comply with the Federal Rules of Bankruptcy Procedure as stated herein, she is at risk of having the instant matter dismissed pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 17th day of June, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE